FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUL 21 PM 2:32

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-063-2 |
| | * | |
| WILLIE WILLIAM SMITH | * | |

O R D E R

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Willie William Smith has filed such a motion. The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and

compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition;[1] (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). Defendant has not met the criteria for any of these categories. The application note also provides a catch-all category: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release. In

---

[1] Defendant states that he suffers from high blood pressure and has a family history of diabetes. However, the Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Here, Defendant has failed to satisfy his burden to show he is entitled to compassionate release because he has presented no evidence that he has a serious medical condition. In fact, the Government has submitted inmate medical records that show Defendant has denied having hypertension and diabetes. (See Gov't Resp. in Opp'n, Doc. No. 157, Ex. C, at 7, 13, 26.) Defendant's generalized concerns about COVID-19 are insufficient to uniquely position him to be so adversely affected by COVID-19 that his release is warranted. The Court particularly notes that FCI Edgefield in Edgefield, South Carolina, currently has one confirmed active case of COVID-19 in its inmate population. See www.bop.gov/coronavirus (last visited on July 20, 2020).

short, the Court denies Defendant's motion for compassionate release because he does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford him relief.

Finally, to the extent Defendant asks this Court to accelerate his placement on home confinement, neither the CARES Act[2] nor any statutory provision vests the district court with such authority. Rather, the placement of an inmate on home confinement remains in the sole discretion of the BOP. E.g., United States v. McCloskey, 2020 WL 3078332, *2-3 (S.D. Ga. Jun. 9, 2020) (quoted and cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).)

Upon the foregoing, Defendant Willie William Smith's motion for compassionate release (doc. no. 156) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The CARES Act refers to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, enacted on March 27, 2020.

3