IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUL 30 PM 2:08

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-063 |
| | * | |
| WILLIE WILLIAM SMITH | * | |

O R D E R

On July 21, 2020, the Court denied Defendant Willie William Smith's motion for compassionate release.  Presently, he has filed a motion for reconsideration.

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case."  United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013).  Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases. United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010).  In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59.  "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact."  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

Here, Smith argues that the Court erred in determining that it is constrained to follow the applicable policy statement of the United States Sentencing Commission in U.S.S.G. § 1B1.13. Smith points out that other district courts have granted compassionate release under the catch-all provision of Application Note 1 to the policy statement, which reads: **"As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with,"  the three specific categories of relief. Id. n.1(D) (emphasis added). Those other courts have concluded that the First Step Act now gives a federal district court discretion to grant compassionate release for any reason it finds extraordinary and compelling through U.S.S.G. § 1B1.13 n.1(D). This Court recognizes the split of authority on the issue. Nevertheless, the Court adheres to its conclusion that the Policy Statement of U.S.S.G. § 1B1.13 remains valid and applicable as written; thus, the catch-all category of Application Note 1(D) requires the recommendation of the Director of the Bureau of Prisons.

Upon the foregoing, Defendant Smith's motion for reconsideration (doc. no. 162) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30 day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE